UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KENNETH W. OWENS** | **CIVIL ACTION NO. 3:13-cv-2132** |
| **LA. DOC #118149** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JAMES M. LeBLANC, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Kenneth W. Owens, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 25, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is currently incarcerated at the Madison Parish Correctional Center, Tallulah, Louisiana. He sues LDOC Secretary James M. LeBlanc and Sheryl Ranatza, Chairman of the Louisiana Parole Board claiming that their improper calculation of his good time credits and sentence have resulted in his continued unlawful and wrongful incarceration. He seeks his immediate release from custody along with compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint [Doc. 1] and motion for preliminary injunction [Doc. 3] be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted. It is further ordered that plaintiff's motion for writ of habeas corpus testificandum [Doc. 4] and his motion for service [Doc. 6] be **DENIED.**

*Statement of the Case*

Plaintiff contends that on October 23, 2012, the defendants – LeBlanc and Ranatza – were responsible for the issuance of an illegal warrant and/or detainer on the plaintiff preventing him from making bail or bond set by the First Judicial District Court on other charges pending in that jurisdiction. He further claims that thereafter, his parole was wrongfully revoked and that he is now the victim of false imprisonment. He also claims that the plaintiff's have attempted to coerce settlement of a pending civil rights suit, *Kenneth Owens v. Richard Stalder, et al.*, Civil Action No. 1:08-cv-0768.

As noted above, plaintiff seeks his immediate release from custody and compensatory and punitive damages. In a subsequent Motion for Preliminary Injunction, plaintiff likewise prays for his immediate release from custody. [Doc. 3] Plaintiff has also submitted a motion for writ of *habeas corpus ad testificandum* [Doc. 4] and a Motion to Serve. [Doc. 6]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. *Habeas Corpus*

In addition to compensatory and punitive damages, plaintiff, in both his original complaint [Doc. 1] and in his Motion for Preliminary Injunction [Doc. 3] prayed for his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system.

Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted and therefore his requests for release from custody set forth in his original complaint [Doc. 1] and in his Motion for Preliminary Injunction [Doc. 3] should be dismissed for failing to state a claim for which relief may be granted.

*3. Heck v. Humphrey*

Plaintiff was apparently released on parole from the physical custody of the LDOC in 2007. After positive urine screens, plaintiff was sent to the Blue Walters residential addiction treatment center for 141 days between February – May, 2012. In October 2012 plaintiff was arrested and jailed on some unspecified felony charge. His parole officer placed a detainer alleging that plaintiff was in violation of his parole conditions. In January 2013, the felony charges were downgraded to misdemeanor charges and plaintiff was sentenced to time served. Thereafter, in April 2013, his parole was revoked. [See Doc. 3] Plaintiff contends, in essence, that his arrest, parole violation, and continued incarceration amount to false arrest and imprisonment and he seeks money damages for the alleged violations of his Constitutional rights.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments

applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of his current status and incarceration. Accordingly, under *Heck*, plaintiff must demonstrate that the order revoking his parole and directing his imprisonment has been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 103. A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Id.* at 102.

### *4. Motions*

Plaintiff filed a Motion for Writ of Habeas Corpus Ad Testificandum to secure his presence at any hearings that may be scheduled with regard to this matter. [Doc. 4] He also moved for an order directing service of process on the defendants. [Doc. 6] Since the undersigned is recommending dismissal of the complaint and motion for preliminary hearing in accordance with the screening provisions of Title 28 U.S.C. §§1915 and 1915A, those motions should be denied.

### *Conclusion and Recommendation*

Therefore,

Plaintiff's Motions [Doc. 4 and 6] are **DENIED**; and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint [Doc. 1] and his motion

for preliminary injunction [Doc. 3]be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, August 8, 2013.

 

 

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE